UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVIE L. BLACK,

    Petitioner,

  v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

:

:

:

Case No. 2:22-cv-3087
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

In August 2019, Petitioner Stevie L. Black was sentenced to eleven years in prison after a Franklin County Court of Common Pleas jury found him guilty of rape and kidnapping. In his Petition for a Writ of Habeas Corpus, Mr. Black asserts that his constitutional rights were violated during those state court proceedings. (Petition, ECF No. 1.) The Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied and the action be dismissed. (R&R, ECF No. 23.) Mr. Black filed objections. (Objs., ECF No. 26.)

If a party timely objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R, Mr. Black's Objections, and the implicated portions of the record, *de novo*, and finds no error in the Magistrate Judge's conclusions or reasoning.

**I.     ANALYSIS**

The Petition asserts six challenges to the state proceedings. The Magistrate Judge recommended that the Court deny all six. Mr. Black objects to the R&R's treatment of Claim One (Sufficiency of the Evidence), Claim Five (*Brady* Violation), and Claim Six (Ineffective Assistance of Counsel).[1]

**A.     Claim One: Sufficiency of the Evidence**

In Claim One, Mr. Black asserts that the state trial court erred in denying his Rule 29 motion for acquittal because the State failed to prove its case by sufficient evidence. An insufficient-evidence challenge states a claim under the Fourteenth Amendment's Due Process Clause. *Jackson v. Virginia*, 443 U.S. 307, 315 (1979); *In re Winship*, 397 U.S. 358, 359 (1970). For a conviction to be constitutionally sound, every element of the crime must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

---

[1] Mr. Black does not object to the Magistrate Judge's conclusion that Claims Two, Three, and Four are non-cognizable on habeas review. (*See* R&R, PAGEID # 941–44; Objs., *generally*.)

*Jackson*, 443 U.S. at 319 (internal citation omitted). In reviewing the sufficiency of the evidence, a federal habeas court must give deference to both the jury's verdict and the appellate court's evaluation of that verdict. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Mr. Black argues that there was insufficient evidence of force to convict him of kidnapping and rape. (Objs., PAGEID # 979–80.) The Magistrate Judge rejected the same argument, reasoning:

> Construing A.S.'s testimony in the light most favorable to the prosecution, including that Petitioner pushed A.S. to the ground and A.S. felt unable to defend herself while Petitioner was on top of her, a reasonable factfinder could determine that the evidence presented was sufficient to convict Petitioner. The state appellate court noted that the "jury apparently believed A.S.'s account of the events," and concluded that the "record contain[ed] sufficient evidence to support the guilty verdicts." (ECF No. 10, PageID # 105.) The state appellate court's analysis comports with *Jackson* and its progeny. The court was therefore not unreasonable in concluding that the record contained sufficient evidence to convict Petitioner for both the rape and kidnapping charges. As noted above, both the jury verdict and the state appellate court decision are afforded deference, and the Undersigned does not find either to be unreasonable.

(R&R, PAGEID # 940.) Mr. Black now asserts, without explanation, that the state court's decision reflects an "unreasonable application of Supreme Court precedent[.]" (Objs., PAGEID # 980.) The Court disagrees. Mr. Black has not established that the state court's decision on sufficiency-of-the-evidence was objectively unreasonable. Claim One thus fails.

As to Claim One, the R&R is **ADOPTED** and Mr. Black's Objections are **OVERRULED**.

3

### B. Claim Five: *Brady* Violation

Mr. Black next contends that the prosecution "intentional[ly] with[eld] evidence favorable to him that had the reasonable probability of changing the outcome of the trial proceedings." (Objs., PAGEID # 980.) Specifically, he argues that surveillance cameras would have captured the events giving rise to the criminal charges, and that the footage would have exonerated him. (*See id.*, PAGEID # 975.)

The Magistrate Judge recommended that Claim Five be dismissed for two reasons: First, the claim is procedurally defaulted for Mr. Black's failure to timely file a post-conviction petition. (R&R, PAGEID # 953.) Second, there is no evidence that the alleged video footage actually exists—let alone that any such footage was in the possession of, or withheld by, the prosecution. (*Id.*, PAGEID # 957.) The Court finds no error in the Magistrate Judge's reasoning or conclusions. Mr. Black's objections do not persuade otherwise.

As to Claim Five, the R&R is **ADOPTED** and Mr. Black's Objections are **OVERRULED**.

### C. Claim Six: Ineffective Assistance of Counsel

Finally, in Claim Six, Mr. Black argues that trial counsel violated his rights by failing to investigate whether video surveillance footage exists. The Magistrate Judge found the same deficiencies with Claim Six as with Claim Five. (R&R, PAGEID # 959.) The Court again agrees.

4

As to Claim Six, the R&R is **ADOPTED** and Mr. Black's Objections are **OVERRULED**.

## II. CERTIFICATE OF APPEALABILITY

The Court is not persuaded that reasonable jurists could debate the Petition's dismissal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). As such, the Court **DECLINES** to issue a certificate of appealability. The Court further certifies that the appeal would not be in good faith and that any application to proceed *in forma pauperis* on appeal should be denied.

## III. CONCLUSION

For the above reasons, Mr. Black's Objections (ECF No. 26) are **OVERRULED**; the R&R (ECF No. 23) is **ADOPTED** and **AFFIRMED**; the Petition (ECF No. 1) is **DENIED**; and the action is **DISMISSED with prejudice**. Finally, the Court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

5